UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO JAVIER RIVERA-HIDALGO,

    Defendant.
_____/

Case No. 1:10-cr-66

HON. JANET T. NEFF

## **OPINION**

Pending before the Court is Defendant's Motion to Suppress Evidence and Request for an Evidentiary Hearing (Dkt 26). The Government has filed a Response (Dkt 28) in opposition, arguing that Defendant's motion should be denied without an evidentiary hearing pursuant to Local Criminal Rule 47.1(d).[1] Having carefully considered the parties' submissions and the record, the Court determines that Defendant has failed to show that an evidentiary hearing is warranted, and that Defendant's Motion to Suppress is properly denied.

Defendant is charged in a Superseding Indictment with various firearms and drug offenses: Count 1—being an illegal alien in possession of a Taurus 9mm semiautomatic pistol and a Mossberg 20-gauge pump action shotgun; Count 2—possession of 100 kilograms or more of marijuana with intent to distribute; Count 3—possession of 500 grams or more of cocaine with intent to distribute;

---

[1] W.D. Mich. LCrR 47.1(d) provides that "[i]n its discretion, the Court may schedule oral argument or may dispose of [a] motion without argument at the end of the briefing schedule."

and Count 4—possession of firearms in furtherance of the drug trafficking crimes of possession with intent to distribute 100 kilograms or more of marijuana and 500 grams or more of cocaine, as charged in Counts 2 and 3 (Superseding Indictment, Dkt 15; Gov't Br. 2) The charges stem from a drug trafficking investigation by the Michigan State Police Metropolitan Enforcement Team (MET), a special drug unit, and the City of Wyoming Police Department, which resulted in searches of two residences in Wyoming, Michigan, including 1125 Rathbone Street SW and a subsequent search of 235 43rd Street SW. Defendant moves to suppress the evidence seized during the search 235 43rd Street SW.

On the evening of January 28, 2010 and the morning of January 29, 2010, police executed a search warrant at 1125 Rathbone Street SW, and then subsequently obtained and executed a search warrant for 235 43rd Street SW.[2] The search warrant for 235 43rd Street was obtained after the police found a lease with that address in Defendant's name during the Rathbone Street search. When the police proceeded to 235 43rd Street SW, they saw a person get into a tan Yukon in front of the house and drive off. Upon learning that the vehicle was registered to Defendant, who was then in custody, the police stopped the vehicle and questioned the occupants, an Hispanic woman, Araceli Aguirre-Hernandez, and two children (Def. Br. 2). Ms. Aguirre-Hernandez and the children were transported back to the residence at 235 43rd Street SW, whereupon Ms. Aguirre-Hernandez allegedly gave her consent for police to enter the home. Upon discovery of several large boxes in the basement, one of which was open and appeared to contain marijuana, the police obtained a

---

[2]The underlying facts are set forth for purposes of background only and are not intended to constitute factual findings since the Court's disposition of the instant Motion does not hinge on the resolution of any disputed facts.

2

warrant to search the home. They found several hundred pounds of marijuana, approximately two kilograms of cocaine, and other drug paraphernalia (Gov't Br. 5).

Defendant's Motion to Suppress is premised solely on his argument that, contrary to the law enforcement officers' representations, the alleged consent to search the house at 235 43rd Street given by Ms. Aguirre-Hernandez, who supposedly lived there, was not voluntary. Rather, Ms. Aguirre-Hernandez's consent was the product of coercion by law enforcement in that she and her children were stopped in a vehicle after they left the home; they were restrained, driven by the police to their home (235 43rd Street), and "questioned by a bevy of MET officers" (Def. Br. 5). Defendant asserts that "[t]he police acted illegally by breaking into the residence for the purpose of looking for additional suspects" (*id.* at 4). Defendant contends that if there was no valid consent, the breaking in of the home by the police was illegal, and any search warrant based on the fruits must fail (*id.* at 5). Accordingly, defendant seeks suppression of the "illegally seized evidence," including the marijuana and cocaine on which Counts 2 and 3 of the Superseding Indictment are based (*id.* at 4).

Defendant has failed to meet his burden of making a "substantial preliminary showing" that (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and (2) the allegedly false statement is necessary to the finding of probable cause. *See Franks v. Delaware,* 438 U.S. 154, 155-56 (1978); *United States v. Mastromatteo,* 538 F.3d 535, 545 (6th Cir. 2008). Defendant has provided no support for his argument that the consent to search was not voluntary. His mere conclusory allegation that the consent was the result of law enforcement coercion falls far short of the "substantial preliminary showing" required for an evidentiary hearing.

3

An affidavit supporting a search warrant is presumed valid, and any challenge must be more than merely conclusory to justify an evidentiary hearing. *Franks,* 438 U.S. at 171; *United States v. Stuart,* 507 F.3d 391, 396 (6th Cir. 2007). In *Franks*, the Court set forth the specific showing necessary for an evidentiary hearing on a challenge to a search warrant:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Franks,* 438 U.S. at 171-72.

Defendant has set forth no factual detail, let alone evidentiary support, indicating that the warrant affidavit contains a false statement made knowingly and intentionally, or with reckless disregard for the truth. *See Stuart,* 507 F.3d at 396-98. Defendant's contentions are based on nothing more than mere supposition—aptly characterized by the Government as "rhetorical doubts"[3] (Gov't Br. 14). Given the conclusory nature of Defendant's argument, and the failure to challenge any particular statements in the affidavit, no further analysis under *Franks* is warranted.[4] *See United*

---

[3]Defendant's artful argument begs the question and leads one to query "Where's the beef?"—both in terms of the challenge advanced and the rendition of the facts.

[4]The general nature of Defendant's argument makes it difficult to discern the specific legal basis for his challenges. The Court, however, has the benefit of the Government's thorough discussion of the legal issues, which persuades the Court that any remaining legal challenges also fail in the context of this Motion.

4

*States v. Zimmer,* 14 F.3d 286, 288-89 (6th Cir. 1994). Defendant's request for an evidentiary hearing is properly denied.

Defendant has further failed to present any basis to quash the warrant. His Motion to Suppress is based only on his argument attacking the consent to search the 43rd Street residence. Having found Defendant's challenge to the search without merit, and an evidentiary hearing unwarranted, the Motion to Suppress is properly denied.

Defendant has failed to show that he is entitled to an evidentiary hearing to question the veracity of the warrant affidavit at issue, and therefore his request for a hearing is DENIED. Further, Defendant has established no basis to suppress the evidence at issue, and his Motion to Suppress is therefore DENIED.

An Order consistent with this Opinion will be entered.

DATED: July 20, 2010                     /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge